C. N. Coby Cohen
Rossi Vucinovich, P.C.
1000 Second Ave, Ste 1780
Seattle, WA  98144
Ph:  425-646-8003
Fx:  425-646-8004
Email:  ccohen@rvflegal.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON
# SPOKANE DIVISION

| | |
|---|---|
| **FRED L. REDMON**, | Case No. 2:21-cv-304 |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **BNSF RAILWAY COMPANY**, a Delaware corporation | |
| Defendant. | |

Plaintiff Fred L. Redmon ("Plaintiff"), by and through his undersigned counsel, and for his cause of action against Defendant BNSF Railroad Company ("Defendant" or "BNSF"), a Delaware corporation, states and alleges as follows:

COMPLAINT - 1

## I.    PARTIES AND JURISDICTION

1. At all material times, Plaintiff was and is a resident of the State of Washington.

2. At all material times, Defendant was and is a corporation duly organized and existing under the laws of the state of Delaware, and was operating a system of railroad tracks in the State of Washington and other states, and said system included lines of track in the District where this action is filed.

3. At all material times, Defendant was an interstate carrier by rail and was engaged in interstate transportation and commerce; Plaintiff was employed by Defendant in a capacity such that he was working and engaged in interstate transportation and commerce at the times hereinafter set forth; and at all relevant and material times to this Complaint, Plaintiff was working in the furtherance of Defendant's interstate commerce, and in work which directly, closely, and substantially affected the general interstate commerce carried on by said Defendant as a railroad common carrier of freight for hire.

4. The jurisdiction of this Court is in part based upon 45 U.S.C. § 51 *et seq.*, commonly known as the Federal Employers' Liability Act ("FELA"), and this action is timely commenced within the meaning of 45 U.S.C. § 56.

5. The jurisdiction of this Court is also in part based upon 49 U.S.C. § 20109, *et seq.*, commonly known as the Federal Railroad Safety Act ("FRSA"). Plaintiff timely filed an administrative claim under the FRSA with the Occupational Safety and Health Administration's ("OSHA"). More than 210 days have elapsed, and while an initial

decision was issued by OSHA, Plaintiff has elected to exercise his right to file an original action *de novo* pursuant to 49 U.S.C. § 20109(d)(3) rather than to pursue further administrative action with OSHA.

## II.    STATEMENT OF FACTS

6. Mr. Redmon was employed with BNSF as a Trainman (Conductor and Switchman) from March 2001 through his illegal termination by BNSF in September 2020.

7. Mr. Redmon was charged with varying duties around train yards, including utilizing a Kubota 4-wheel vehicle, sometimes referred to as a "mule," owned and maintained by BNSF.

8. BNSF modified the throttle mechanism of the Kubota 4-wheel vehicles it owned and maintained by, among other tasks, placing a speed governor on such vehicles.

9. BNSF was aware of at least two instances in which the throttle stuck on such Kubota vehicles prior to September 2020, including one that resulted in an injury claim by another employee and another by a supervisor who was demonstrating use of the vehicle.

10. On September 10, 2020, Mr. Redmon was operating a Kubota as part of his duties on behalf of BNSF at the Yardley Yard in Spokane, Washington, with a physical address of 4300 E. Wisconsin Avenue, Spokane, WA 99212.

11. He was operating the Kubota in the east end of the yard when the throttle stuck, taking the speed of the Kubota out of his control and resulting in him crossing a set of rails and crashing into an unmarked pole.

COMPLAINT - 3

12. BNSF was aware that the vehicle had been damaged in this incident, and that Mr. Redmon was exhibiting signs of a concussive event.

13. Mr. Redmon suffered injuries to his head, neck, and back in the collision, and he submitted a written injury report to BNSF.

14. Mr. Redmon's injuries at least temporarily left him unable to perform his work duties.

15. While he was out of work as a result of the personal injuries he sustained on September 10, 2020, BNSF, on information and belief, made the decision to retaliate against Mr. Redmon for making a personal injury report and for reporting safety defects associated with the Kubota.

16. BNSF elected to pursue discipline against Mr. Redmon, on information and belief at least in part because he had suffered an injury and submitted an injury report and in part for his report of safety defects associated with the Kubota.

17. Within weeks, BNSF decided to terminate Mr. Redmon, but did so, on information and belief, illegally at least in part because he had suffered an injury and submitted an injury report, and in part because he had challenged the safety of the Kubota 4-wheeler on which he had been injured, as he reported that the throttle had stuck in an open position to result in his injury.

COMPLAINT - 4

18.     The reason given for the termination ignored the reported safety defects in the vehicle that led to a purported rule violation, and the injury that resulted therefrom, though BNSF even sought to, during the hearing, hold Mr. Redmon responsible for being injured.

### III.     COUNT ONE—FELA NEGLIGENCE

19.     Plaintiff repeats and incorporates by reference herein all the foregoing paragraphs as if fully set forth.

20.     On or about September 10, 2020, Plaintiff was employed by Defendant as a Trainman and was working on Defendant's property in Spokane, Washington.

21.     On that date, Mr. Redmon was performing his duties for BNSF when he was injured as described above in a Kubota vehicle that had been improperly modified and/or improperly maintained by BNSF.

22.     Mr. Redmon reported his injuries to BNSF.

23.     The injuries and damages suffered by Plaintiff as a result of the incident on September 10, 2020, were caused, in whole or in part, by the negligence of Defendant, its agents, employees and/or officers, and in violation of 45 U.S.C. § 51-60 *et seq.*, including, but not limited to:

   a. Negligently failing to maintain the Kubota 4-wheeler to maintain a safe place to work for BNSF employees, including Mr. Redmon;

   b. Negligently modifying the throttle mechanism on the Kubota 4-wheeler, resulting in the throttle being stuck;

COMPLAINT - 5

    c. Negligently failing to address a known unsafe condition following not less than two prior throttle-sticking events concerning the Kubota 4-wheelers, including at least one prior employee injury;

    d. Negligently failing to mark the pole into which Mr. Redmon crashed the Kubota as a result of the other negligence of BNSF; and

    e. Other acts of negligence to be proven at trial resulting in a violation of the FELA.

24. Due, in whole or in part, to Defendant's negligence, Plaintiff sustained severe and potentially permanent injuries, including injuries to his head, neck, and back and the bones, muscles, ligaments, cartilage, and other structures and tissues comprising such body parts.

25. Plaintiff has suffered in the past, and will continue to suffer in the future, pain and anguish and loss of enjoyment of life, and he is otherwise injured and, to some degree, disabled.

26. In an effort to treat, heal, and relieve his injuries, Plaintiff has spent, and will continue to spend, monies for medical and related care and treatment in amounts to be proven at trial.

27. As a direct result, in whole or in part, of Defendant's negligence in violation of the FELA, Plaintiff has lost wages in the past, will continue to lose wages in the future,

and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

### IV.  COUNT TWO—FRSA RETALIATION

28. Plaintiff repeats and incorporates by reference all the preceding paragraphs as if fully set forth.

29. The Federal Railroad Safety Act, in 49 U.S.C. § 20109(a)(4) and its implementing regulations at 29 CFR § 1982 *et seq.* state that a railroad engaged in interstate commerce may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee who reports, or attempts to report, a work-related personal injury.

30. The Federal Railroad Safety Act, in 49 U.S.C. § 20109(b)(4) and its implementing regulations at 29 CFR § 1982 *et seq.*, states that a railroad engaged in interstate commerce may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee who reports, in good faith, a hazardous safety or security condition.

31. Defendant knew that Mr. Redmon engaged in protected activities as defined in 49 U.S.C. § 20109(a)(4) and (b)(4).

32. Defendant retaliated against Mr. Redmon and subjected him to adverse employment action subsequent to his engaging in protected activities as defined in 49 U.S.C. § 20109(a)(4) and (b)(4). Specifically, Mr. Redmon was terminated, at least in

COMPLAINT - 7

part, for reporting a workplace injury and for reporting, in good faith, a hazardous safety condition.

33. Mr. Redmon's engaging in the protected activities as defined in 49 U.S.C. § 20109(a)(4) and (b)(4) constituted at least a contributing factor to the adverse actions taken against Mr. Redmon.

## V. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant BNSF Railway Company for damages under 45 U.S.C. §51, *et seq.*, the FELA, including special and general damages in an amount established by the evidence, along with damages under 49 U.S.C. § 20109, *et seq.*, the FRSA, including, but not limited to, interest on back pay due to Mr. Redmon, compensatory damages, including reasonable attorneys' fees associated with bringing the present action, expert witness fees, and costs of suit, punitive damages of up to $250,000, and such other relief the court may deem appropriate.

## VI. JURY DEMAND

Plaintiff hereby demands a jury of twelve of his peers.

DATED: October 20, 2021.

**ROSSI VUCINOVICH PC**

 s/ C. N. Coby Cohen
C. N. Coby Cohen, WSBA #30034
ccohen@rvflegal.com
*Attorneys for Plaintiff*